IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE JOHNSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 23-CV-0803 |
| EQUIFAX INC., *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**SURRICK, J.**                                                                                   **MARCH 27, 2023**

Plaintiff Bernadette Johnson initiated this civil action by filing a *pro se* Complaint raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Named as Defendants are: Equifax Inc.; Experian Information Solutions Inc.; Trans Union LLC; and Mariner Finance LLC. Johnson also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Johnson will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

The allegations in Johnson's Complaint are sparse and generalized. Without identifying a specific defendant, Johnson alleges that she "sent a written dispute on or about January 12, 2023, to Defendant, a consumer reporting agency, disputing the completeness and/or accuracy of a tradeline by MARINER FINACE LLC – account number 60150098\*\*\*\*." (Compl. at 1.) She alleges that the tradeline was "in a consumer reports concerning Plaintiff prepared, maintained

---

[1] The facts set forth in this Memorandum are taken from Johnson's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

and published to others by Defendant, and Defendant negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date [sic] in consumer reports concerning Plaintiff." (*Id.*)  Johnson further avers that such "Defendant" failed to "investigate, delete, or modify the disputed information, and provide a response to Plaintiff within 30 days of receipt of Plaintiff's dispute." (*Id.*)

Johnson attached to her Complaint letters addressed to Equifax, Experian, and Trans Union, in which she, *inter alia*, informed each Defendant that the company was "reporting inaccurate and incomplete credit information" concerning the "Marinr Finc" account, and requested the removal of the "inaccurate information." (*Id.* at 8-9, 11-12, 14-15.)  While Johnson appears to highlight the purported inaccurate information, she does not specify how the information is inaccurate. (*See id.*)  Additionally, Johnson attached to her Complaint a letter to "Marinr Finc" informing it that it "is currently reporting to Equifax, Experian, and TransUnion under my name." (*Id.* at 17.)  Johnson requested information regarding the account at issue and demanded that the "negative marks" be deleted if she was not provided with the information. (*Id.*)

According to Johnson, due to Defendants' conduct, she has suffered "personal and financial damages," including the denial of credit from multiple lenders. (*Id.* at 1-2.)[2]  Johnson seeks monetary relief. (*Id.* at 2.)

## II.    STANDARD OF REVIEW

As Johnson appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. §

---

[2] Johnson attached as an exhibit to the Complaint a letter from Chase, reflecting that her credit application was denied due to negative information on her credit report. (*See* Compl. at 19.)

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Johnson is proceeding *pro se*, the Court construes the allegations of the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'"  *Id.*

### III.  DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and

other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[3]

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a

---

[3] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate.  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original).  "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*,  43 F.4th at 344-45 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information."  *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017)

(*per curiam*); *see also* 15 U.S.C. § 1681s-2(b) (when a furnisher receives notice from a consumer reporting agency regarding the completeness or accuracy of information provided by the furnisher, the furnisher's duty to conduct an investigation with respect to the disputed information is triggered).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).  The FCRA has several provisions that create liability for violations of the Act.  *SimmsParris*, 652 F.3d at 358.  However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Johnson's Complaint does not indicate which sections of the FCRA she bases her claims on.  Even liberally construing the Complaint, Johnson has not pled a plausible claim against any named Defendant.  With regard to her claims against the consumer reporting agencies, Johnson has not alleged the necessary factual information required to show that a statutory violation occurred.  As noted above, Johnson attached to her Complaint letters addressed to Equifax, Experian, and Trans Union, in which she, *inter alia*, informed each Defendant that the company was "reporting inaccurate and incomplete credit information" concerning the "Marinr Finc" account, and requested the removal of the "inaccurate information."  (*See* Compl. at 8-9, 11-12, 14-15.)  While Johnson appears to indicate that there is inaccurate information on the reports, she does not specify how the information is inaccurate.  (*See id.*)  Thus, Johnson has not sufficiently set forth facts describing what inaccurate information she believes was included in her consumer

reports or clearly explained why the information was inaccurate.[4] *See, e.g., Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Whiteford v. Equifax Inc.*, No. 21-94, 2021 WL 3683293, at *3 (W.D. Pa. Aug. 18, 2021) (dismissing § 1681e(b) claim because plaintiff failed to plead any inaccuracies); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report).

To the extent that Johnson seeks to present a claim against Mariner Finance LLC as a furnisher of information, her allegations are undeveloped. While the exhibits attached to Johnson's Complaint suggest that she notified the consumer reporting agencies and Mariner Finance LLC of allegedly inaccurate information, Johnson has not alleged that Mariner Finance LLC failed to correct the inaccurate information after receiving notice from the consumer reporting agencies. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice of dispute

---

[4] The Court will not speculate as to Johnson's claims based on the attachments to her Complaint. Indeed, a plaintiff may not state a claim by relying solely on exhibits. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

under § 1681s-2(b) "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations).

Accordingly, Johnson's Complaint fails to allege a plausible claim for relief at this time. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Johnson's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Johnson leave to amend to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for any FCRA claims. An appropriate Order follows, which provides further instruction as to amendment.

                                            **BY THE COURT:**

                                            s/ *R. Barclay Surrick*
                                            _____
                                            **R. BARCLAY SURRICK, J.**